## (August 18, 1980)

■ DANIEL H. OVERMYER, Respondent, v RALPH A. TODD, Appellant.—In an action for monetary damages and an accounting predicated upon defendant's alleged breach of contract, misrepresentations, breach of fiduciary duty and interference with prospective economic advantage, defendant appeals from an order of the Supreme Court, Westchester County, entered April 3, 1979, which denied his motion to dismiss plaintiff's amended complaint. Order reversed, on the law, without costs or disbursements, and defendant's motion to dismiss is granted. This action was commenced by plaintiff on October 13, 1976 when defendant was served with a summons and notice. The summons recited that the object of the action was "fraud and misrepresentation, conversion, unjust enrichment, business interference, obtaining money under false pretenses, conspiracy to defraud," for which plaintiff sought $200,000,000 in damages. The original complaint was served in October, 1977. On November 11, 1977 defendant moved to dismiss plaintiff's original complaint on the grounds that the first six causes of action were legally insufficient and that the seventh cause of action, for defamation, was barred by the Statute of Limitations. By order dated January 10, 1978, Special Term granted defendant's motion, but granted plaintiff leave to replead the first six causes of action. The court stated: "this motion be and the same is hereby in all respects granted in the exercise of discretion. Regardless of the fact that plaintiff has sprinkled himself throughout the first six causes of action as the aggrieved party, a careful reading and analysis of the gravamen set forth in the complaint leads to the inescapable conclusion that the Overmyer companies, and not plaintiff individually, are the real parties in interest and the ones who were defrauded and damaged to the extent of $200,000,000.00 by the defendant's alleged wrongdoing * * * Insofar as the seventh cause of action (slander) is concerned, it is clearly time-barred and apparently plaintiff does not seriously oppose such branch of the motion." It is manifest that in dismissing the first six causes of action of the original complaint, Special Term was following the principle stated in *Niles v New York Cent. & Hudson Riv. R. R. Co.* (176 NY 119, 123): "True, the plaintiff has suffered a depreciation in the value of his stock as a result of the wrong, and in this respect the injury was personal to the holders of the stock. But every stockholder has

suffered from the same wrong, and if the plaintiff can maintain an action for the recovery of the damages sustained by him, every stockholder must be accorded the same right. The injury, however, resulting from the wrong was, as we have seen, to the corporation. The depreciation in the value of the plaintiff's stock, and that of the other stockholders, was in consequence of the waste and destruction of the property and franchise of the corporation." *Niles* further notes however (pp 123-124): "There are wrongs which if committed against a stockholder entitle him to a right of action against the person committing the wrong for the damages sustained, as, for instance, where a person had been induced to purchase stock in a corporation and pay a higher price than the stock was fairly and reasonably worth, or where the owner of stock had been induced to part with it for a less sum than its true value, by reason of false and fraudulent representations of others with reference to its value. (*Rothmiller v. Stein*, 143 N.Y. 581; *Ritchie v. McMullen*, 79 Fed. Repr. 522.) But these wrongs are distinguishable from those against the corporation. They result in injury to the stockholder upon whom the wrong is practiced, but do not injure the other stockholders or the corporation itself." In that vein, *General Rubber Co. v Benedict* (215 NY 18, 21-22) held: "The defendant was not a director of the subsidiary company. He was a director of the plaintiff. Because of that relation he owed to the plaintiff the duty of good faith and vigilance in the preservation of its property. The duty and the breach, coupled, it is here alleged, with damage, make out a cause of action. (*Ashby v. White*, 3 Ld. Raym. 320.) Such cases as *Smith v. Hurd* (12 Metc. 375) and *Niles v. N. Y. C. & H. R. R. R. Co.* (176 N. Y. 119) are pressed upon us by the defendant. They are inapplicable here. The distinction was well put by Taft, J., writing for the Circuit Court of Appeals in *Ritchie v. McMullen* (79 Fed. Rep. 522, 533): 'It is undoubtedly true, as the Circuit Court held, that a stockholder, merely as such, cannot have an action in his own behalf against one who has injured the corporation, however much the wrongful acts have depreciated the value of his shares (citing *Smith v. Hurd, supra,* and other cases). But we are of opinion that this principle has no application where the wrongful acts are not only wrongs against the corporation, but are also violations by the wrongdoer of a duty arising from contract or otherwise, and owing directly by him to the stockholders.' " On November 26, 1978 plaintiff served an amended complaint. By notice of motion dated January 15, 1979, defendant moved to dismiss each cause of action alleged in plaintiff's amended complaint. The motion was on the grounds that "each and every one of the six causes of action is virtually identical to a claim pleaded in plaintiff's original complaint, dismissed by this Court's Order of January 10, 1978 as failing to state a cause of action, and is therefore barred by that prior dismissal. Defendant also moves pursuant to Rule 3211(a) to dismiss the six amended causes of action because each, in its own right, is legally insufficient to state a claim for which relief can be granted and fails to comply with the specificity requirements of Rule 3016(a) of the Civil Practice Law and Rules." By order dated April 2, 1979, Special Term denied the motion to dismiss the amended complaint. Its decision stated, in part: "Although the damage to plaintiff is inextricably tied to Overmyer's companies, the amended complaint does set forth personal injuries incurred by plaintiff in the form of damage to his business reputation, loss of his assets and control over the corporations. *General Rubber Co. v. Benedict*, 215 N.Y. 18." We have closely examined the amended complaint and find that its causes of action are essentially the same as those pleaded in the original complaint. The amended complaint reformulates or adds certain allegations in order to

circumvent the prior dismissal order and to render plaintiff's causes of action sufficient under *General Rubber Co. v Benedict* (215 NY 18, *supra*). The reformulations and additions, however, are conclusory and insufficient to take the causes of action out of the *Niles* rule and the dismissal rationale of the prior order of January 10, 1978. Accordingly, defendant's motion to dismiss each of the causes of action of the amended complaint must be granted. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.