■ TUCK INDUSTRIES, INC., Respondent, v REICHHOLD CHEMICALS, INC., Appellant.—In an action to recover damages for fraud and breach of contract, the defendant Reichhold Chemicals, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered August 29, 1988, as, upon reargument, denied its motion to dismiss the third cause of action pursuant to CPLR 3211 (a) (7) and 3016 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the third cause of action is granted, and the third cause of action is dismissed.

The defendant Reichhold Chemicals, Inc. (hereinafter Reichhold) claims that the plaintiff Tuck Industries, Inc. (hereinafter Tuck) failed to state a cause of action sounding in fraud. Tuck alleged that it had a relationship with Reichhold over several years, in which Reichhold sold a specific latex product to Tuck; that Reichhold was aware of the particular purpose

for which Tuck was to have used the latex and always labeled it Tylac 68-300; that the Tylac 68-300 always performed satisfactorily until in 1978 when, upon information and belief, Reichhold changed the latex formula without changing the labeling or informing Tuck; that there were no visible changes in the product; and that the source of the defect eluded Tuck for several months. Assuming the allegations to be true, as we must in entertaining a motion to dismiss pursuant to CPLR 3211 (a) (7) *(see, Pace v Perk,* 81 AD2d 444), we conclude that the complaint has failed to state a cause of action sounding in fraud.

The cause of action sounding in fraud alleges only a breach of a representation of performance contained in the contract. None of the allegations contained therein are separate and distinct from those giving rise to the breach of contract claim, nor are they collateral or extraneous to the contract *(Elsky v KM Ins. Brokers,* 139 AD2d 691; *see, Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526; *see also, East End Owners Corp. v Roc-East End Assocs.,* 128 AD2d 366, 370). In view of this, and since Tuck seeks no special damages unrecoverable under the contract measure of damages, the fraud cause of action is simply redundant in light of the cause of action to recover damages for breach of contract *(see, Metropolitan Transp. Auth. v Triumph Adv. Prods., supra; Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607). Accordingly, the cause of action sounding in fraud should have been dismissed. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.