■ DEAN A. MIRASOLA et al., Respondents, v HENRY GILMAN, Appellant.—In an action, *inter alia,* to recover damages for wrongfully diverting corporate assets, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 25, 1988, which, after a nonjury trial, *inter alia,* is in favor of the plaintiff Fabtronics Manufacturing Corp. in the principal sum of $358,274.98.

Ordered that the judgment is affirmed, with costs.

The factual determination in this case involved one of the credibility of the witnesses. "The advantages of the trial court who saw and heard the witnesses should be considered and, when truth hangs upon the credibility of witnesses [its] decision should be given the greatest weight" *(Amend v Hurley,* 293 NY 587, 594; *see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Matter of Fasano v State of New York,* 113 AD2d 885; *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203). In this light, we find no basis on the record to disturb the trial court's finding that the defendant wrongfully diverted the funds of the plaintiff corporation.

We disagree with the defendant's contention that the damages to the corporate plaintiff should be reduced to reflect the beneficial interest which the defendant had in the corporation at the time of his defalcation. It is settled that "because a shareholders' derivative suit seeks to vindicate a wrong done to the corporation through enforcement of a corporate cause of action, any recovery obtained is for the benefit of the injured corporation" *(Glenn v Hoteltron Sys.,* 74 NY2d 386, 392; *see, Wolff v Wolff,* 67 NY2d 638).

It is irrelevant that the plaintiff's decedent Peter Mirasola was the sole shareholder in the corporation at the time judgment was entered, and thus was likely to personally benefit from the judgment *(see, Overmyer v Todd,* 77 AD2d 919, *affd* 55 NY2d 766; *New Castle Siding Co. v Wolfson,* 97 AD2d 501, 502, *affd* 63 NY2d 782).

The same argument applies to the wrongful diversion of funds committed through P & H Associates, a corporate entity jointly owned by the defendant and the plaintiff's decedent Peter Mirasola. Since the corporate plaintiff is a separate corporate entity from P & H Associates, the defendant cannot be heard to say that, while the corporate plaintiff's assets were wrongfully diverted, its shareholders ultimately person-

ally benefited. Such an argument is antithetical to the distinction between the corporate entity and its shareholders.

We have reviewed the defendant's remaining contention and find it to be without merit. Kunzeman, J. P., Rubin, Eiber and O'Brien, JJ., concur.