■ GREEN BUS LINES, INC., Appellant, v GENERAL MOTORS CORPORATION, Respondent.—In an action to recover damages for fraudulent inducement to contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated April 19, 1989, which granted the defendant's motion, pursuant to CPLR 3211, to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

On or about April 4, 1979, the plaintiff agreed to purchase 15 buses manufactured by the defendant. In pertinent part, the agreement provided that the buses would be manufactured "in accordance with GM Standard Specifications". In early 1988, the plaintiff allegedly discovered that the engine support bulkheads were made of carbon steel which had corroded and had to be replaced.

Thereafter, a complaint was served alleging fraudulent inducement to contract. The gravamen of the complaint is that in order to induce the plaintiff to purchase the buses, the defendant falsely represented that the specifications called for them to be built with stainless steel bulkheads, a material that allegedly would not corrode during the useful life of the vehicles. It is further alleged, *inter alia,* that the specifications requiring the defendant to equip the buses with stainless steel bulkheads, as represented, were expressly incorporated into the purchase agreement.

By order dated April 19, 1989, the Supreme Court dismissed

the complaint as barred by the Statute of Limitations applicable to contract actions. The court found that the complaint alleged that the defendant fraudulently induced entry into a contract when the defendant had no intention of abiding by the agreed terms. The court then held that in the absence of a breach of a distinct duty separate from the contract no cause of action sounding in fraud lies and enforcement must be by an action on the contract. We agree.

In applying the Statute of Limitations, courts must look to the essence of the claim, and not to the form in which it is pleaded (see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389; Brick v Cohn-Hall-Marx Co., 276 NY 259). The defendant's alleged representation that the buses would be equipped with stainless steel bulkheads in accordance with the specifications was not merely an inducement to contract; it is claimed to be one of the express terms of the purchase agreement. Thus, contrary to the plaintiff's contention, the essence of the cause of action is that the defendant breached its promise to equip the buses according to the specifications, a claim that must be enforced by an action on the contract (see, C.B. W. Fin. Corp. v Computer Consoles, 122 AD2d 10, 12; see also, Courageous Syndicate v People-to-People Sports Comm., 141 AD2d 599; Spellman v Columbia Manicure Mfg. Co., 111 AD2d 320). Accordingly, the court properly concluded that the plaintiff's claim is barred by the Statute of Limitations applicable to contracts for the sale of goods (UCC 2-725).

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.