■ SHEPARD M. SCHEINBERG, Respondent, v THOMAS E. SAMUELS et al., Appellants.—In an action to recover damages for fraud, the defendants appeal, as limited by their notice of

appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated August 25, 1989, as denied that branch of their motion which was to dismiss the first cause of action asserted in the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the first cause of action as time-barred is granted.

On October 12, 1976, the plaintiff employed the defendant corporation to erect a bulkhead on his property located at Bayside Avenue, East Quogue, in Suffolk County. The contract provided that the lumber utilized for the bulkhead would have a retention value of .65 pounds per cubic foot. The bulkhead was completed on December 17, 1976. Some time in May 1987 the bulkhead allegedly started to deteriorate.

Thereafter, on February 22, 1989, a complaint was served alleging actual and constructive fraud. The essence of the complaint was that the defendants misrepresented their intent to provide the specified lumber in order to induce the plaintiff to enter into the contract and that they never intended to provide the specified lumber.

The defendants argue that although the first cause of action asserted in the plaintiff's complaint alleges fraud, it is actually grounded in breach of contract. They further contend that since the Statute of Limitations for breach of a construction contract is six years from the time the construction was completed, and the bulkhead was completed about 11 years before the action was commenced, the plaintiff's claim is time-barred. We agree.

The defendants' alleged representations that the lumber utilized in making the bulkhead would have a retention of .65 pounds per cubic foot was not simply an inducement to the contract; it was one of the express terms of the contract. Thus, the essence of the cause of action is that the defendants breached their promise to build the bulkhead according to the specifications, a claim that must be enforced by an action on the contract (see, Green Bus Lines v General Motors Corp., 169 AD2d 758; Mastropieri v Solmar Constr. Co., 159 AD2d 698; Courageous Syndicate v People-to-People Sports Comm., 141 AD2d 599, 600; Edwil Indus. v Stroba Instruments Corp., 131 AD2d 424; C.B. W. Fin. Corp. v Computer Consoles, 122 AD2d 10, 12; Spellman v Columbia Manicure Mfg. Co., 111 AD2d 320, 324). Accordingly, since the plaintiff's claim is barred by the Statute of Limitations applicable to contract actions, the

first cause of action is dismissed. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.