■ VINCENT L. McKERNIN, Respondent-Appellant, v FANNY FARMER CANDY SHOPS, INC., Appellant-Respondent.—In an action to recover damages for fraud and breach of contract, (1) the defendant appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered December 12, 1989, as denied that branch of its motion which was for summary judgment dismissing the first cause of action of the complaint, and (2) the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as denied that branch of his cross motion which was for leave to amend the second cause of action of the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action is granted, and that cause of action is dismissed, and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced this action after several months of ultimately unsuccessful negotiations with the defendant for employment, and/or purchase of a substantial interest in the defendant corporation. The first cause of action alleged that representatives of the defendant fraudulently induced the plaintiff to provide them with business advice by promising to hire him as chief executive officer and to sell him a substantial ownership interest. The second and third causes of action alleged that oral agreements regarding the plaintiff's employment and purchase of an ownership interest in the defendant

were entered into by the parties and then breached by the defendant.

The defendant moved, *inter alia,* for summary judgment dismissing the complaint, and the plaintiff cross-moved, among other things, for leave to amend his second cause of action to recover damages for breach of the alleged employment contract. The Supreme Court dismissed the second and third causes of action pursuant to the Statute of Frauds, but found that the first cause of action adequately stated a cause of action to recover damages for fraud. It further held that issues of fact warranted the denial of summary judgment with respect to that cause of action. The court denied the plaintiff's cross motion as academic in view of its disposition of the defendant's motion.

We find that the motion for summary judgment should have been granted in its entirety and the complaint dismissed. It is well settled that where, as here, a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie *(see, Mastropieri v Solmar Constr. Co.,* 159 AD2d 698; *Tuck Indus. v Reichhold Chems.,* 151 AD2d 565; *Manshul Constr. Corp. v City of New York,* 143 AD2d 333; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320; *cf., Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954). The application of this principle to the facts of the instant case mandates the dismissal of the plaintiff's cause of action sounding in fraud.

We further find that the denial of leave to the plaintiff to amend his second cause of action was appropriate. The proposed factual allegations which the plaintiff sought to add would radically alter the terms of the alleged employment contract and are not supported by the record *(see, Citrin v Royal Ins. Co.,* 172 AD2d 795). Moreover, the plaintiff has failed to demonstrate a reasonable excuse for his delay in seeking to rectify what he contends is a fundamental factual error *(see, Ross v Ross,* 143 AD2d 429; *Gallo v Aiello,* 139 AD2d 490). In any event, even if the proposed amendment were permitted, the second cause of action would still be barred by the Statute of Frauds. Thompson, J. P., Sullivan and Harwood, JJ., concur.

Kunzeman, J., concurs in part and dissents in part, and

votes to affirm the order appealed from, with the following memorandum: While I concur with the majority to the extent of denying the plaintiff leave to amend the second cause of action of the complaint, I disagree with their conclusion that the defendant is entitled to summary judgment dismissing the complaint in its entirety.

The essence of the plaintiff's first cause of action is that the defendant's President and Chief Executive Officer defrauded him over a period of time, commencing in September 1986 and ending June 29, 1987, by promising to sell to the plaintiff a substantial stock interest in the defendant corporation and to employ the plaintiff within that corporation, thereby extracting valuable business information from him. On or about June 16, 1987, the defendant represented to the plaintiff that he should put off his plans for purchasing an interest in the defendant corporation in an effort to get started as soon as possible and to concentrate on working for the defendant as an employee. The defendant's agent allegedly confirmed at that time that the plaintiff would become Chief Executive Officer of the defendant corporation at a Salary of $12,000 per month for a two-year period, along with a bonus equal to 50% of a "positive swing in the defendant's anticipated monetary losses for the years 1987 and 1988".

The plaintiff alleges that the aforesaid statements and representations were known by the defendant and its agent to be false at the time they were made, and the defendant never intended to convey any interest in the corporation or to employ the plaintiff. Rather, the subject statements were made "for the purpose and with the intent of deceiving and defrauding the plaintiff and to induce the plaintiff, in reliance thereon, to prepared [sic] and to give to defendant a detailed business plan for three years which, among other things, included details on the possible franchising of defendant's stores, how to run the stores, the wholesale division, major accounts, manufacturing and distribution". The plaintiff relied upon the defendant's representations to his detriment and was induced to expend a substantial amount of his own time and money in formulating a business plan for the defendant, including extensive traveling, attending meetings and obtaining expert tax and legal advice.

Contrary to the defendant's contention on appeal, the plaintiff's pleadings sufficiently establish a triable issue of fact with regard to his first cause of action sounding in fraud (see, Zuckerman v City of New York, 49 NY2d 557, 562). It is well settled that no cause of action lies to recover damages for

fraud when the only fraud relates to a breach of contract (see, *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 700; *Roldan v Allstate Ins. Co.,* 149 AD2d 20, 39; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320; *Gould v Community Health Plan,* 99 AD2d 479). In the instant action, however, the plaintiff has set forth a prima facie case of fraud by alleging a representation of a material existing fact, which was false and known to be false by the defendant, which representation was made for the purpose of inducing the plaintiff to rely upon it, and which was rightfully relied upon by the plaintiff, who was ignorant of its falsity, to the plaintiff's detriment (see, *Reno v Bull,* 226 NY 546, 550; *Brown v Lockwood,* 76 AD2d 721, 730). The plaintiff did not allege that the defendant's failure to perform the purported contract constituted fraud. He claims, rather, that the defendant fraudulently misrepresented that it would sell a substantial stock interest in the corporation to him and that it would employ him with the intent of inducing him to give the defendant valuable business information.

The record reveals that the plaintiff has alleged sufficient facts to rebut the defendant's assertion that a letter from the plaintiff dated April 15, 1987, which confirms the substance of the parties' negotiations, established that the defendant did not make any misrepresentations to the plaintiff. The plaintiff alleged that, subsequent to the April 15, 1987, letter, he had spoken with defendant's representative confirming the terms of employment. He was, thereafter, asked to attend a Board meeting on June 28, 1987, during which he presented several proposals for franchising in response to the defendant's request for a precise business plan for 1987, 1988 and 1989. The defendant's alleged conduct subsequent to April 15, 1987, would give rise to a reasonable belief on the plaintiff's part that he would be appointed. These allegations of conduct which led the plaintiff to believe that he would be employed, along with the uncontroverted evidence on the record that the defendant was suffering severe financial losses due to its direct ownership and management of retail stores which were doing poorly, that the plaintiff, an expert in franchising, provided detailed business information to it, and the abrupt termination of the negotiations after the plaintiff provided a detailed plan, were sufficient to create a triable issue of fact with respect to whether there was a misrepresentation by the defendant in order to induce the plaintiff to provide further information. This scenario was sufficiently distinct from the breach of contract cause of action.

Thus, there exist issues of fact with respect to whether the plaintiff was defrauded or was merely providing information that is normally given during the course of negotiations between parties to a contract, and whether his reliance on the defendant's misrepresentations was justifiable. Under the circumstances, summary judgment was not warranted with respect to the plaintiff's first cause of action.

Throughout the pleadings, the plaintiff consistently alleged that the purported term of employment was for a period of two years. Accordingly, the court properly exercised its discretion in denying the plaintiff leave to amend its second cause of action to assert a term of employment which the plaintiff urges would not come within the Statute of Frauds.

I have considered the parties' remaining contentions and find them to be without merit.