■ NICKROUZ GHAZIBAYAT, Also Known as BAYAT N. GHAZI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 75403.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lengyel, J.), dated December 21, 1989, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant, while driving on the New York State Thruway in Tarrytown, was directed by a New York State Police Trooper to "pull over" his car because he had unlawfully driven on the shoulder of that roadway. The claimant testified that he suffered personal injuries when the State Trooper, against his will, "lifted [him] up * * * off the ground",

dragged him to the police car situated nearby, and threw him into the car. The State Trooper testified that after the claimant had refused to get back into his own vehicle, he "escorted" him to the police car, put him in the back seat, and issued him a traffic summons. The State Trooper denied assaulting or using excessive force upon the claimant.

The trial court, finding the State Trooper to be a credible witness and the claimant's testimony to be "replete with what were, at a minimum, gross exaggerations if not outright untruths", held that the State Trooper had neither assaulted nor exerted unreasonable force upon the claimant, and that the claimant had not suffered any compensable injury. We affirm the dismissal of the claim.

The factual determination in this case involved one of the credibility of the witnesses. "The advantages of the trial court who saw and heard the witnesses should be considered, and, when truth hangs upon the credibility of witnesses [its] decision should be given the greatest weight" *(Amend v Hurley,* 293 NY 587, 594; *see, Mirasola v Gilman,* 163 AD2d 371). The credible evidence contained in the record fails to indicate that a different finding from that of the trial court would be reasonable *(see, Northern Westchester Professional Park Associates v Town of Bedford,* 60 NY2d 492, 499; *Matter of Fasano v State of New York,* 113 AD2d 885). We find no basis in the record to disturb the trial court's findings that the State Trooper neither assaulted nor used excessive force upon the claimant, and that the claimant sustained no compensable injuries. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.