(October 19, 1992)

■ ALAN BRENNER, Appellant, v G. DAVID DE BRUIN, Respondent.—In an action to recover damages for fraud, negligence, and breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Namm, J.), entered March 9, 1989, which, after a nonjury trial, is in favor of the defendant and against him dismissing the complaint. By decision and order dated March 25, 1991, this Court remitted the matter to the Supreme Court, Suffolk County, in order that it might state the facts it deemed essential to its decision pursuant to CPLR 4213 (b) *(Brenner v De Bruin,* 171 AD2d

833). The Supreme Court has now complied. Justice Ritter has been substituted for former Justice Brown *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

In May 1983 the plaintiff, Alan Brenner, purchased a vacant parcel of land in Cold Spring Harbor, New York. Shortly after purchasing the property, the plaintiff hired the defendant G. David De Bruin, a licensed professional engineer, to prepare building plans for the construction of a single family residence on the site. The plaintiff advised the defendant that he had a budget of $100,000 for construction, and the parties subsequently entered into a written agreement which provided that "[a]ll work is predicated upon [the plaintiff's] intention to maintain a budget for the cost of construction on the area of $100,000".

After preliminary plans for the residence had been completed, the parties met to discuss specific details for the design of the house, and at this time the plaintiff allegedly requested several modifications to the defendant's plans, including the installation of a bay window in the kitchen, pillars and columns for a colonial appearance, a skylight, and a sliding door for the deck. Although the plaintiff approved the plans as modified, the defendant maintains that the parties never discussed the increased costs of construction which would be caused by the modifications. After receiving the final plans from the defendant in early October 1983 the plaintiff solicited construction bids, but could not find a contractor willing to build the residence in accordance with the plans for less than $160,000. He subsequently instituted this action against the defendant, seeking damages for fraud, negligence, and breach of contract.

Upon the conclusion of a nonjury trial, the Supreme Court granted judgment in favor of the defendant and dismissed the complaint. Following remittitur of the matter, the trial court filed findings of fact which resolved credibility issues presented by the conflicting evidence adduced at trial primarily in favor of the defendant, concluding, *inter alia,* that the defendant had never represented that he was an expert with respect to construction costs, or that the cost of constructing the residence as proposed and approved by the plaintiff would not exceed $100,000.

Contrary to the plaintiff's contention, we conclude that the court properly entered judgment in favor of the defendant and dismissed the complaint. With respect to the plaintiff's cause

of action to recover damages for breach of contract, the court resolved key questions of fact, including those of credibility, in favor of the defendant. Significantly, the court found that several changes had been made to the design of the residence subsequent to the parties' agreement, that the plaintiff had approved these changes, and that the parties never discussed the potential costs of these changes. Accordingly, the court concluded that the defendant did not breach the agreement since he never represented that the cost of constructing the residence, as ultimately proposed and approved by the plaintiff, would not exceed $100,000 *(see, American Union Transp. v McMullen Assocs.,* 52 AD2d 827). "[T]aking into account * * * 'the fact that the trial judge had the advantage of seeing the witnesses' " *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499, quoting from *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134), we do not find this conclusion unwarranted by the the evidence *(see, Mirasola v Gilman,* 163 AD2d 371; *Richman v Federated Adj. Co.,* 134 AD2d 582; *Matter of Fasano v State of New York,* 113 AD2d 885).

The trial court similarly resolved questions of credibility with respect to the plaintiff's fraud cause of action in favor of the defendant, and its dismissal of this cause of action is supported by its finding that the defendant never represented that he was an expert with respect to construction costs *(see, Brown v Lockwood,* 76 AD2d 721). In any event, it is settled law that a cause of action sounding in fraud does not lie where, as here, the claim is based upon the same allegations as give rise to a breach of contract cause of action *(see, McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233; *Scheinberg v Samuels,* 171 AD2d 857; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698; *Tuck Indus. v Reichhold Chems.,* 151 AD2d 565).

The court properly dismissed the plaintiff's cause of action to recover damages for negligence, since the plaintiff failed to introduce evidence to establish that the defendant's actions fell short of accepted standards of engineering or architectural practice *(see, Grace & Co. v State Univ. Constr. Fund,* 64 NY2d 709). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.