■ CESAR GUERRERO et al., Appellants, v PETER J. VAL-IANDO et al., Respondents. [602 NYS2d 882] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Coppola, J.), dated December 4, 1990, which denied their motions for discovery and inspection and *sua sponte* dismissed their third cause of action, (2) an order of the same court, dated January 7, 1991, which "dismissed" their motion to compel answers to interrogatories, and (3) an order of the same court dated May 15, 1991, which denied their motion to reargue the prior motions.

Ordered that the appeal from the order dated May 15, 1991, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 4, 1990, is affirmed; and it is further,

Ordered that the order dated January 7, 1991, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On January 17, 1990, the plaintiffs and the defendants entered into a contract for the sale of a residence. The defendants did not complete the purchase of the residence. In an order dated November 20, 1990, Justice Coppola granted the plaintiffs' motion for summary judgment, concluding that the plaintiffs are entitled to retain the down payment.

The Supreme Court properly dismissed the plaintiffs' third cause of action, which sounded in fraud. A cause of action sounding in fraud does not lie where a claim is based upon the same allegations as give rise to a breach of contract cause of action *(see, Brenner v De Bruin,* 186 AD2d 701). The court also

correctly denied discovery since there are no remaining valid causes of action stated. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.