■ H.R. Jay Realty, Respondent-Appellant, v Elliott

GROSS et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. HERBERT GONTAR et al., Third-Party Defendants-Respondents. [611 NYS2d 578] —In an action to recover damages, *inter alia,* for breach of contract, the defendants third-party plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated April 10, 1992, as granted the motions of the third-party defendants to dismiss, pursuant to CPLR 4401, the third-party complaint and the motion of the plaintiff, pursuant to CPLR 4401, to dismiss all counterclaims against it, and (2) so much of a judgment of the same court dated April 20, 1992, as dismissed the third-party complaint and all counterclaims. The plaintiff cross-appeals, as limited by its brief, from (1) so much of the same order as granted the motion of the defendants third-party plaintiffs, pursuant to CPLR 4401, to dismiss the complaint, and (2) so much of the judgment as dismissed the complaint.

Ordered that the appeal and cross-appeal from the order dated April 10, 1992, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting therefrom the provisions which dismissed the second cause of action asserted in the third-party complaint, and the defendants' second counterclaim; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the provisions of the order dated April 10, 1992, which (1) granted the branch of the motion by the third-party defendants which was to dismiss the second cause of action asserted in the third-party complaint, and (2) granted the branch of the motion by the plaintiff which was to dismiss the second counterclaim, are vacated, and those branches of those motions are denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for a trial on the second cause of action asserted in the third-party complaint and the second counterclaim.

The appeal and cross-appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Reviewing the evidence in the light most favorable to the defendants *(see, Schafer v Standard Ry. Fusee Corp.,* 200 AD2d 564; *Xenakis v Vorilas,* 166 AD2d 586; *Hylick v Halweil,* 112 AD2d 400), we find that they made out a prima facie case to recover damages for breach of contract and/or breach of an express warranty with respect to their second counterclaim and the second cause of action asserted in their third-party complaint. Paragraph 17 of the first rider to the parties' contract of sale, contained a guarantee by the plaintiff against defects in the newly-constructed house for one year and further provided that the guarantee was to survive "delivery of the deed". Thus, the guarantee was not extinguished upon the closing of title *(see, Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 751; *Davis v Weg,* 104 AD2d 617). The record indicates that the alleged defects were not discoverable at the time of closing, but were subsequently discovered by the defendants within one year of closing. Moreover, there was testimony by the defendants' expert with regard to the cost of repairing several of the defects. Therefore, the defendants established a prima facie case for their second counterclaim and the second cause of action in their third-party complaint.

However, the defendants' fraud claims are based on representations made by the plaintiff in the contract of sale regarding its performance pursuant to the contract. Therefore, these claims were properly dismissed since they were not distinct from the defendants' claims for breach of contract *(see, McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233; *Tuck Indus. v Reichhold Chems.,* 151 AD2d 565).

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Pizzuto and Florio, JJ., concur.