■ GABRIEL PURNAVEL et al., Respondents, v TEL-A-CAR OF NEW YORK, INC., et al., Appellants. [611 NYS2d 599] —In an action to recover damages for breach of contract and constructive fraud, the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), entered July 28, 1992, which denied their motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the second cause of action asserted in the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

We find that the instant action is not barred by virtue of the plaintiff Purnavel's proceeding in Small Claims Court on the matter of wages lost between September and October 1990 (CCA 1808) inasmuch as the CCA 1808 states that a small claims judgment "may be pleaded as res judicata only as to the amount involved in the [small claim] and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court".

The plaintiffs have made out a cause of action to recover damages for breach of contract as against the corporate defendants; thus that branch of the defendants' motion which was to dismiss the first cause of action was properly denied.

However, inasmuch as "[a] cause of action sounding in fraud does not lie where a claim is based upon the same allegations as give rise to a breach of contract cause of action" (Guerrero v Valiando, 197 AD2d 667; see also, Noufrios v Murat, 193 AD2d 791; Brenner v De Bruin, 186 AD2d 701; McKernin v Fanny Farmer Candy Shops, 176 AD2d 233), the plaintiffs' second cause of action to recover compensatory and punitive damages for constructive fraud is dismissed.

We have examined the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.