■ TORK, INC., Respondent, v PHYLLIS C. HYACINTHE, Appellant. [620 NYS2d 1012] —In an action to recover a security deposit, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Collabella, J.), dated December 21, 1992, which, after a nonjury trial, was in favor of the plaintiff in the principal sum of $18,562.50, and dismissed the defendant's counterclaims and claims for offsets, and (2) a judgment of the same court, entered February 4, 1993, upon the order.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

There was ample evidence from which the court could find that the plaintiff had properly fulfilled its obligations to care for and repair the roof during the term of the lease. The testimony of both the plaintiff's witness and the defendant's expert provided more than sufficient proof from which the court could conclude that the roof had failed because it had outlived its useful life and not due to any failure on the part of the plaintiff *(see, Brenner v De Bruin,* 186 AD2d 701).

Moreover, "[i]t is well settled that issues of credibility are properly determined by [trier of fact] whose decision will not be disturbed on appeal if it is supported by a fair interpretation of the evidence" *(Vega v City of New York,* 194 AD2d 537). There is sufficient evidence to support the trial court's determination not to credit the theory of the defendant's managing agent as to why the roof failed.

We have examined the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.