■ GEORGE B. MORGAN et al., Appellants, v A.O. SMITH CORPORATION et al., Respondents, et al., Defendants. [633 NYS2d 1013] —In an action to recover damages for breach of warranty and fraud, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 1, 1994, as granted the motion by the defendants A.O. Smith Corporation and A.O. Smith Harvestore Products, Inc., pursuant to CPLR 3211, to dismiss the fourth cause of action of the complaint insofar as asserted against them, (2) from an order of the same court, entered April 7, 1994, which amended the order entered April 1, 1994, by adding words concerning the denial of the branch of the motion which was to dismiss the plaintiffs' fifth cause of action which had been omitted from the order entered April 1, 1994, and (3) as limited by their brief, from so much of an order of the same court, entered September 23, 1994, as, upon reargument, adhered to the prior determination to dismiss the fourth cause of action.

Ordered that the appeal from the order entered April 1, 1994, is dismissed, as that order was superseded by the order entered September 23, 1994, made upon reargument; and it is further,

Ordered that the appeal from the order entered April 7, 1994, is dismissed as abandoned; and it is further,

Ordered that the order entered September 23, 1994, is reversed insofar as appealed from, on the law, the branch of the order dated April 1, 1994, which granted the motion by the defendants A.O. Smith Corporation and A.O. Smith Harvestore Products, Inc., to dismiss the fourth cause of action is vacated, that motion is denied, and the fourth cause of action is reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The court erred in dismissing the cause of action to recover damages for fraud because the defendants A.O. Smith Corporation and A.O. Smith Harvestore Products, Inc., failed to establish that the supporting allegations do not only concern representations which were collateral or extraneous to the parties' agreement (*see, Morgan v Smith Corp.*, 221 AD2d 422 [decided herewith]). Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.