■ GEORGE B. MORGAN et al., Appellants, v A.O. SMITH CORPORATION et al., Respondents, et al., Defendants. [633 NYS2d 1013] —In an action to recover damages for breach of warranty and fraud, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 1, 1994, as granted the motion by the defendants A.O. Smith Corporation and A.O. Smith Harvestore Products, Inc., pursuant to CPLR 3211, to dismiss the fourth cause of action of the complaint insofar as asserted against them, (2) from an order of the same court, entered April 7, 1994, which amended the order entered April 1, 1994, by adding words concerning the denial of the branch of the motion which was to dismiss the plaintiffs' fifth cause of action which had been omitted from the order entered April 1, 1994, and (3) as limited by their brief, from so much of an order of the same court, entered September 23, 1994, as, upon reargument, adhered to the prior determination to dismiss the fourth cause of action.

spondent. [633 NYS2d 574] —In an action to recover damages for breach of warranty and fraud, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 1, 1994, as granted the motion by the defendant Mohawk Tech, Inc., pursuant to CPLR 3211, to dismiss the fourth cause of action of the complaint insofar as asserted against it, and (2) as limited by their brief, from so much of an order of the same court, entered September 23, 1994, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 1, 1994, is dismissed, as that order was superseded by the order entered September 23, 1994, made upon reargument; and it is further,

Ordered that the order entered September 23, 1994, is reversed insofar as appealed from, so much of the order entered April 1, 1994, as granted the motion by the defendant Mohawk Tech, Inc., to dismiss the fourth cause of action is vacated, the motion is denied, and the fourth cause of action is reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court erred in dismissing the fraud cause of action. When a cause of action to recover damages for fraud is premised upon an alleged breach of contract, the supporting allegations must only concern representations which are collateral or extraneous to the terms of the parties' agreement, or else a plaintiff is limited to a cause of action for breach of contract (see, Mastropieri v Solmar Constr. Co., 159 AD2d 698; Sforza v Health Ins. Plan, 210 AD2d 214; Noufrios v Murat, 193 AD2d 791; McKernin v Fanny Farmer Candy Shops, 176 AD2d 233). Here, the complaint alleges that the allegedly fraudulent representations were not contained in the contract (cf., Sforza v Health Ins. Plan, supra; Green Bus Lines v General Motors Corp., 169 AD2d 758), and because the contract is not in the record (cf., Jay Realty v Gross, 204 AD2d 274; Scheinberg v Samuels, 171 AD2d 857; Tuck Indus. v Reichhold Chems., 151 AD2d 565), we cannot determine whether the supporting allegations concern representations which were collateral or extraneous to the parties' agreement. Accordingly, the fraud cause of action should not be dismissed. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.