■ DAVID J. WEISBERGER et al., Appellants, v NORMAN A. GOLDSTEIN et al., Respondents. [662 NYS2d 544] —In an action to recover damages for breach of contract and fraud, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), entered May 14, 1996, which, after a nonjury trial and upon granting the defendants' motion for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion which was for judgment as a matter of law on the plaintiffs' first cause of action is denied and the motion is otherwise granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment in favor of the plaintiffs on their first cause of action in the sum of $8,000.

The plaintiffs entered into a contract for the purchase of the defendants' residence. In a provision thereof entitled "Roof and Leaks" the defendants agreed to repair or replace "all broken, rotted and split shingles" on the roof prior to closing. Subsequent to the closing the roof leaked and allegedly caused extensive water damage to the interior of the house. The plaintiffs then commenced this action to recover damages for breach of contract and for fraud.

The evidence adduced at trial demonstrated that the defendants replaced only 100 shingles on the front portion of the roof so as to obtain an aesthetically pleasing result. No work was done on the remainder of the roof nor was any of the work carried out so as to prevent water from leaking into the interior of the house.

At trial, the court admitted parol evidence in an attempt to determine the breadth and scope of the repairs that were contemplated under the "Roof and Leaks" provision of the contract. At the conclusion of the trial the defendants moved for judgment as a matter of law arguing that they had complied with this provision by replacing shingles on the front portion of the roof. The trial court granted the motion holding, *inter alia,* that the provision in question was "plain and unambiguous" and that defendants had complied with its terms.

The trial court properly determined that the "Roof and Leaks" provision was unambiguous, thereby "rendering all the parol evidence submitted at trial irrelevant and immaterial". However, it thereafter concluded that the contract only required the defendants to replace roof shingles on the front portion of their house.

"It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Slamow v Delcol,* 174 AD2d 725, 726; *see also, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157). In view of the fact that the provision in question was entitled "Roof *and Leaks*", and since it called for the defendants to replace or repair "*all* rotted broken and split shingles" (emphasis added), the logical interpretation of this provision, as well as the plaintiffs' reasonable expectation, was that the defendants were required to repair the entire roof so as to prevent leakage. Inasmuch as the defendants failed to establish compliance with this provision, the plaintiffs are entitled to judgment on their first cause of action sounding in breach of contract for the $8,000 in roof-repair costs which they proved at trial. However, the plaintiffs are not entitled to any award for the consequential damages which they may have suffered as a result of the defendants' failure to properly repair the roof since such damages were not proven at trial (*see,* CPLR 4533-a; *see also, Mil-Pine Plaza v State of New York,* 72 AD2d 460).

The Supreme Court correctly dismissed the plaintiffs' cause of action to recover damages for fraud since it was not distinct

from their cause of action to recover damages for breach of contract (*see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Jay Realty v Gross,* 204 AD2d 274). Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.