■ GUPTA REALTY CORP., Appellant, v ALLEN I. GROSS et al., Respondents. [674 NYS2d 741] —In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 28, 1997, which, *inter alia,* granted the separate cross mo-

tions of the defendant Allen I. Gross and the defendants Ralph Herzka and Shimon Eckstein for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents Ralph Herzka and Shimon Eckstein.

On December 1, 1987, the plaintiff Gupta Realty Corp. (hereinafter Gupta) sold several parcels of property to several general partnerships. The properties were purchased with mortgage notes secured by second mortgages, which all contained a provision that, in the event of a default, Gupta's sole remedy was to foreclose on the mortgaged properties. On December 24, 1990, Gupta entered into a mortgage modification agreement with the general partnerships, which included the same nonrecourse provision as the underlying mortgages and mortgage notes. When the partnerships defaulted in their obligations under the mortgage modification agreement, Gupta commenced this action to recover damages for breach of contract and fraud against the three defendants, who were the general partners in each of the partnerships. After Gupta made a motion seeking, among other relief, to compel discovery, the defendants cross-moved for summary judgment dismissing the complaint.

The Supreme Court properly dismissed the fraud claim on the ground that it was not sufficiently distinct from the breach of contract claim. Here, the alleged misrepresentations were not collateral or extraneous to the contract since they were expressly incorporated into the mortgage modification agreement (*see, Sforza v Health Ins. Plan,* 210 AD2d 214; *McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233, 234). Moreover, it is well established that general allegations that the defendant entered into a contract with the intention not to perform it are insufficient to support a claim for fraud (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318).

The Supreme Court also properly dismissed the breach of contract claim. The mortgage modification agreement and the underlying loan documents all included a nonrecourse clause, which provided that in the event of a default, Gupta's sole remedy was to foreclose on the mortgages. Those provisions clearly and unequivocally precluded any recovery against the defendants (*see, Bronxville Knolls v Webster Town Ctr. Partnership,* 221 AD2d 248). Rosenblatt, J. P., Ritter, Krausman and McGinity, JJ., concur.