■ STEVEN DEL VECCHIO et al., Respondents, v MARK D. CO-HEN et al., Appellants. [733 NYS2d 479] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered July 20, 2000, as denied those branches of their cross motion which were for summary judgment dismissing the first cause of action to recover damages for breach of contract and on the first counterclaim, and, upon searching the record, granted summary judgment to the plaintiffs dismissing the second counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiffs contracted to purchase residential premises from the defendants. Pursuant to Paragraph 25 of the contract of sale, the defendants were required to deliver at closing "a certificate of occupancy or *its equivalent* * * * as to all structures, additions, improvements and extensions" (emphasis added). Paragraph 25 also stated that the premises were "a one family dwelling with garage with *legal apartment above garage*," and that "this representation shall survive closing" (emphasis added).

Before closing, a dispute arose as to whether a letter issued by the Town of Huntington in lieu of a certificate of occupancy, which referred to a "detached garage 35' 4" x 22' 4" (with accommodations over garage for caretaker)," satisfied Paragraph 25. Thereafter, at the closing, the parties executed a handwritten stipulation, approved and witnessed by their attorneys. In the stipulation, they agreed "that in order to resolve a dispute concerning certificates of occupancy, letters in lieu of certificates or such similar documents covering the above-referenced premises," the plaintiffs would receive a $60,000 credit towards the purchase price, but that the plaintiffs "shall accept the premises in 'as is' condition with respect to the above mentioned items." After the closing, the plaintiffs commenced this action, *inter alia*, to recover damages for the alleged breach of Paragraph 25 of the contract.

The Supreme Court erred in failing to grant that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' first cause of action to recover damages for breach of contract. "[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Slamow v Del Col*, 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see, Weisberger v Goldstein*, 242 AD2d 622; *Mazzola v County of Suffolk*, 143 AD2d 734; *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157). Where there is a written agreement which purports to express the parties' entire agreement, extrinsic evidence that contradicts, varies, or explains the agreement is generally barred by the parol evidence rule (*see, Braten v Bankers Trust Co.*, 60 NY2d 155; *Furey v Guard-*

*ian Life Ins. Co.*, 261 AD2d 355, 356). Similarly, extrinsic or parol evidence is not admissible to create an ambiguity in a written agreement which is otherwise clear and unambiguous (*see, W.W.W. Assocs. v Giancontieri, supra*).

The handwritten stipulation executed by the parties at the closing is clear and unambiguous. By its express terms, the stipulation resolved all issues as to the sufficiency of the letter issued by the Town of Huntington in lieu of a certificate of occupancy in exchange for a reduction in the purchase price by $60,000. Since this stipulation resolved the parties' dispute as to whether the apartment was a "legal apartment" as represented in Paragraph 25 of the contract of sale, the defendants should have been granted summary judgment dismissing the first cause of action to recover damages for breach of contract (*see, Couri v Westchester Country Club,* 186 AD2d 712). In light of our determination, the defendants' second counterclaim for rescission is academic.

The defendants' remaining contentions are without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.