■ KAREN MULLALLY, Appellant, v STATE OF NEW YORK, Respondent. [734 NYS2d 864] —In a claim to recover damages for medical malpractice, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated April 19, 2000, which, after a nonjury trial, dismissed her claim.

Ordered that on the Court's own motion, the claimant's notice of appeal from a decision of the same court dated March 23, 2000, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The well-settled law is that the State owes a duty to its incarcerated citizens to provide them with adequate medical care (*see, Kagan v State of New York,* 221 AD2d 7, 8). To prove that the State failed in this duty, and instead, committed medical malpractice, an inmate must establish, by a preponderance of the evidence, that the State departed from the accepted standard of medical care, and that such a departure was a substantial factor, or a proximate cause, of the inmate's claimed injury (*see, Kaminsky v State of New York,* 265 AD2d 306; *Koester v State of New York,* 90 AD2d 357, 361).

Applying the foregoing principles, the trial court's determination was supported by the weight of the credible evidence (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Diaz v State of New York,* 256 AD2d 1010; *Ghazibayat v State of New York,* 184 AD2d 618, *cert denied* 510 US 1028), and judgment properly granted to the defendant.

The claimant's remaining contentions are either without merit or unpreserved for appellate review. O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.