■ 34-35TH CORP., Appellant, v 1-10 INDUSTRY ASSOCIATES, LLC, Respondent. [768 NYS2d 644]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 16, 2002, as granted that branch of the defendant's motion which was to dismiss the third cause of action alleging fraud as a sanction for its spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's spoliation of the tape recordings of its meeting with the defendant's representatives did not warrant dismissal of the plaintiff's third cause of action in its entirety. The third cause of action, as pleaded, alleges both oral and written misrepresentations, and the defendant is not left "prejudicially bereft" to defend itself against the alleged written misrepresentations by loss of the proof of the alleged oral misrepresentations (*see Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]). Dismissal of only that part of the third cause of action which is based upon alleged oral misrepresentations was warranted as a spoliation sanction (*see Foncette v LA Express*, 295 AD2d 471, 472 [2002]).

The dismissal of the remainder of the third cause of action is justified, however, because of its legal insufficiency. Although this argument was not raised in the Supreme Court, this insuf-

ficiency involves a question of law that appears on the face of the record (*see Schuler v Kings Plaza Shopping Ctr. & Mar.,* 294 AD2d 556, 558 [2002]; *Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]; *Matter of Adam S.,* 285 AD2d 175, 177 [2001]).

A fraud cause of action may not be maintained when the only fraud charged relates to the breach of contract (*see Page v Muze, Inc.,* 270 AD2d 401 [2000]; *Germain v Staten Is. Boat Sales,* 248 AD2d 507 [1998]; *Alamo Contr. Bldrs. v CTF Hotel Co.,* 242 AD2d 643, 644 [1997]). Here, the fraud claim arises out of the identical facts and circumstances, and even contains the same allegations, as the cause of action alleging breach of contract (*see Morgan v Smith Corp.,* 265 AD2d 536 [1999]; *Purnavel v Tel-A-Car of N.Y.,* 204 AD2d 297 [1994]; *Guerrero v Valiando,* 197 AD2d 667 [1993]). Moreover, the plaintiff has not claimed that the fraud arises from representations that are collateral or extraneous to the parties' contract (*see Gupta Realty Corp. v Gross,* 251 AD2d 544, 545 [1998]; *Alamo Contr. Bldrs. v CTF Hotel Co., supra*). Finally, there are no damages that would not be recoverable under the contract measure of damages, and therefore, the fraud cause of action is simply redundant (*see Tuck Indus. v Reichhold Chems.,* 151 AD2d 565, 566 [1989]). Accordingly, we affirm the dismissal of the third cause of action in its entirety, albeit, in part, on a different ground. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.