■ VILLAGE GROUP 30, INC., Appellant, v KYUSUNG CHO et al., Respondent, et al., Defendant. [922 NYS2d 117]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated September 11, 2009, as granted those branches of the motion of the defendant Kyusung Cho which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 2007, the plaintiff executed a mortgage in favor of the defendant Kyusung Cho (hereinafter the defendant) on certain real property owned by the plaintiff located in New Jersey to secure a loan it had received from the defendant. On June 3, 2008, a nonparty executed a mortgage note in favor of the defendant's wife on certain real property located in Queens and Manhattan to secure a loan the nonparty had received from the defendant's wife. In October 2008, the defendant partially executed a discharge of the November 2007 mortgage, but never delivered to the plaintiff a fully executed discharge. According to the defendant, he intended to discharge the November 2007 mortgage in return for its immediate payment by the plaintiff. In contrast, the plaintiff asserted that the defendant had agreed to discharge the November 2007 mortgage in consideration for a security interest issued in favor of the defendant's wife on the property located in Queens and Manhattan, and thereafter commenced this action to recover damages for breach of contract and fraud against, among others, the defendant.

Contrary to the plaintiff's contention, the June 3, 2008, mortgage note issued in favor of the defendant's wife, which the defendant submitted in support of his motion to dismiss the complaint insofar as asserted against him, conclusively demonstrated that the defendant did not agree to provide such discharge in consideration for the security interest issued in favor of the defendant's wife as set forth in the June 3, 2008, mortgage note (*see* CPLR 3211 [a] [1]; *Arnav Indus., Inc. Retire-*

*ment Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]; *see also Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982]; *Beitner v Becker*, 34 AD3d 406, 407 [2006]).

Moreover, the plaintiff cannot sustain a cause of action sounding in fraud, since the defendant's purportedly fraudulent promise to return a fully executed mortgage discharge to the plaintiff was precisely the same act that formed the basis of the breach of contract cause of action (*see Halliwell v Gordon*, 61 AD3d 932, 934 [2009]; *34-35th Corp. v 1-10 Indus. Assoc.*, 2 AD3d 711, 712 [2003]; *Page v Muze, Inc.*, 270 AD2d 401, 402 [2000]; *Noufrios v Murat,* 193 AD2d 791, 792 [1993]; *McKernin v Fanny Farmer Candy Shops*, 176 AD2d 233, 234 [1991]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against him. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.