(December 27, 2011)

■ A. MONTILLI PLUMBING & HEATING CORP., Respondent, v RUDOLPHO VALENTINO et al., Appellants. [935 NYS2d 647]—

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of witnesses" (*D'Argenio v Ashland Bldg., LLC*, 78 AD3d 758, 758 [2010]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Golding v Gottesman*, 41 AD3d 430, 430 [2007]).

Here, the Supreme Court did not err in finding in favor of the plaintiff on its cause of action alleging breach of contract insofar as asserted against the defendants Rudolpho Valentino and Jorge M. Perez (hereinafter together the individual defendants). The plaintiff showed, by a preponderance of the credible evidence, that the individual defendants breached an oral agree-

ment pursuant to which they agreed to pay the plaintiff directly for the plumbing work performed in the construction of their hair salon (*see generally Flexible Bus. Sys., Inc. v Dag Media, Inc.*, 49 AD3d 808, 808-809 [2008]; *DiLorenzo v Estate Motors, Inc.*, 44 AD3d 702, 703 [2007]).

"The existence of an express agreement, whether oral or written, governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter" (*Morales v Grand Cru Assoc.*, 305 AD2d 647, 647 [2003]). Upon the determination that there existed a valid and enforceable oral agreement between the plaintiff and the individual defendants, the plaintiff could not recover for unjust enrichment insofar as asserted against the individual defendants (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]; *Lum v New Century Mtge. Corp.*, 19 AD3d 558, 559 [2005]; *cf. Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 405 [2003]). Similarly, the cause of action for an account stated was simply an alternative theory of liability to recover the same damages allegedly sustained as a result of the breach of contract (*see generally 34-35th Corp. v 1-10 Indus. Assoc.*, 2 AD3d 711, 712 [2003]; *Tuck Indus. v Reichhold Chems.*, 151 AD2d 565, 566 [1989]).

The Supreme Court's determination of damages in the sum of $27,713 was warranted by the facts, as the plaintiff established that it sustained damages in that sum as a result of the individual defendants' breach of the oral agreement (*see Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d 603, 604-605 [2009]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Accordingly, the judgment must be affirmed. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.