24 ALFRED S. FRIEDMAN et al., Respondents, v THEODORE DALMAZIO et al., Appellants. [644 NYS2d 548]

Contrary to the defendants' contentions, there was sufficient evidence to support the trial court's finding that the defendants Theodore Dalmazio and 20th Avenue Realty Co. (hereinafter 20th Avenue), who were the general partners in Caton Avenue Associates (hereinafter Caton), breached their fiduciary obligations to the plaintiffs who were the limited partners. The plaintiffs submitted proof that for the calendar years 1989, 1990, 1992, and 1993, the defendant Dalmazio's company, DAL Management Co. (hereinafter DAL), paid its employees from the funds of Caton, while at the same time it received a management fee from Caton. There was also proof that DAL overcharged Caton for maintenance of and repairs to the

partnership's property. DAL charged Caton approximately $40 per hour for painting an apartment, whereas the general practice was to charge per room. Moreover, several chores which should ordinarily be performed by the superintendent of the building at no charge, were performed by DAL employees at excessive and unreasonable costs.

The trial court also did not err in terminating the rights of Dalmazio and 20th Avenue as the exclusive managing agents of Caton's property. The general rule is "that a managing or general partner of a limited partnership is bound in a fiduciary relationship with the limited partners * * * and the latter are, therefore, cestui que trustent" *(Riviera Congress Assocs. v Yassky,* 18 NY2d 540, 547, citing *Lichtyger v Franchard Corp.,* 18 NY2d 528; *Meinhard v Salmon,* 249 NY 458). "[T]hose in control of a business must deal fairly with the interests of the other investors and this is so regardless of whether the business is in corporate or partnership form" *(Lichtyger v Franchard Corp.,* 18 NY2d 528, 536, *supra).* At bar, the trial court concluded that the defendants breached their fiduciary duty to the plaintiffs as limited partners. Once this conclusion was reached, the trial court properly exercised its discretion in fashioning the relief it did *(see, Homburger v Levitin,* 130 AD2d 715, 718). The reference to DAL in the fourth decretal paragraph of the judgment is deleted, since it was not a party to the action.

The defendants' remaining contentions are without merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.