■ CASTROL, INC., Appellant, v PARM TRADING Co. OF N.Y.C., INC., Respondent. [645 NYS2d 825]

In this action, the plaintiff is seeking to collect payment for goods sold and delivered to the defendant. The defendant asserted, by way of affirmative defense and counterclaims, that the plaintiff discriminated against it in violation of the Federal and State antitrust laws by selling the same goods to other distributors at a lower price, breached the parties' contract, and fraudulently induced the defendant into entering into the contract.

The plaintiff moved for summary judgment on the ground that the sale and delivery of the goods was not in dispute and that the defendant had failed to raise a valid defense to the claim of nonpayment. The plaintiff also moved for summary judgment dismissing the defendant's counterclaims. The Supreme Court denied the motion, finding that there existed substantial issues of fact. We reverse.

An alleged violation of the antitrust laws is not a defense to an action to recover payment for goods sold and delivered (*see, TDK Elecs. Corp. v M & A Enters.*, 172 AD2d 603). Furthermore, the defendant has failed to demonstrate how further discovery might reveal the existence of material facts, currently within the exclusive control of the plaintiff, which would warrant the denial of summary judgment (*see,* CPLR 3212 [f]; *Kracker v Spartan Chem. Co.*, 183 AD2d 810).

With respect to the defendant's counterclaims, the allegations of price discrimination in this case do not state a cause of action under State antitrust laws (*see, TDK Elecs. Corp. v M & A Enters., supra*) and New York has no jurisdiction over claims of breach of Federal antitrust laws (*see, Milwaukee Elec. Tool Corp. v McGrath & Durk*, 133 AD2d 535). Moreover, no facts or circumstances were detailed in support of the defendant's purely conclusory allegations that the representations made by the plaintiff were false, and the defendant did not allege any facts tending to connect its alleged losses with the alleged fraudulent representations (*see, Glassman v Catli*, 111 AD2d 744). In addition, the defendant failed to make a prima facie

showing of breach of contract (*see, Furia v Furia,* 116 AD2d 694). Accordingly, the defendant's counterclaims should have been dismissed. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.