(May 5, 2003)

■ AFBT-II, LLC, Appellant, v COUNTRY VILLAGE ON MOONEY POND, INC., et al., Respondents. [759 NYS2d 149] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered August 16, 2002, which denied its motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is

affirmed, without costs or disbursements, and the complaint is reinstated.

The defendant Country Village on Mooney Pond, Inc. (hereinafter Mooney Pond), and Country Village Associates, Ltd. (hereinafter Associates), entered into a limited partnership agreement for the sole purposes of acquiring title to and developing real property and eventually selling that property. Subsequently, the plaintiff became Associates' successor in interest. The plaintiff was the limited partner, Mooney Pond was the general partner, and the defendants Lawrence Gresser, Jr., and Joseph Simeone were the principals and shareholders of Mooney Pond. Section 10.02 of the partnership agreement provided, in relevant part, that "Cash Flow of the Partnership shall be distributed at such intervals as may be agreed upon by the Partners," and it detailed the order in which the cash flow would be distributed. Section 17.04 of the partnership agreement set forth the preconditions for dissolution of the partnership. Pursuant to section 17.04 (h), dissolution could occur "upon the sale of all Partnership assets and fulfillment of all Partnership obligations." Section 18.01 prescribed the order of priority for distribution of the liquidation proceeds.

In September 2001, Mooney Pond dissolved the partnership and distributed the proceeds of the liquidation pursuant to section 18.01. The plaintiff commenced this action alleging, among other things, that Mooney Pond breached the partnership agreement by improperly dissolving the partnership before making a cash flow distribution pursuant to section 10.02. The plaintiff moved for summary judgment and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion, finding that the language in the partnership agreement as to cash flow distributions was clear and unambiguous and did not obligate Mooney Pond to make a cash flow distribution unless it was agreed upon by the parties. Such an agreement was undisputably never reached. Moreover, the Supreme Court found that contrary to the plaintiff's contention, one of the preconditions for dissolution set forth in section 17.04 of the partnership agreement existed. The plaintiff appeals.

The Supreme Court properly denied the plaintiff's motion for summary judgment because, inter alia, the plaintiff failed to demonstrate that Mooney Pond was obligated, as a matter of law, to make a cash flow distribution under the partnership agreement. "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Gian-*

*contieri,* 77 NY2d 157, 162). "[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Del Vecchio v Cohen,* 288 AD2d 426, 427; quoting *Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see Mazzola v County of Suffolk,* 143 AD2d 734, 735). The partnership agreement unequivocally provided that cash flow distributions would be made only upon agreement by the partners and it is undisputed that the plaintiff and Mooney Pond never reached any such agreement.

However, the Supreme Court improperly granted the defendants' cross motion for summary judgment dismissing the complaint. "Within every contract is an implied covenant of good faith and fair dealing" (*Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce,* 265 AD2d 513, 513-514). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion" (*Dalton v Educational Testing Serv.,* 87 NY2d 384, 389). Moreover, Mooney Pond, as the general partner, was bound in a fiduciary relationship with the plaintiff, the limited partner, and, thus, obligated to deal fairly with the plaintiff (*see Friedman v Dalmazio,* 228 AD2d 549, 550; *see also Lichtyger v Franchard Corp.,* 18 NY2d 528, 536-537). The plaintiff successfully rebutted the defendants' showing that no triable issue of fact existed by submitting, inter alia, a letter dated January 7, 1999, from the defendant Lawrence Gresser, Jr., which raised an issue of fact as to whether Mooney Pond arbitrarily refused to agree to make a cash flow distribution. Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.