■ Amnon Goldstein, Respondent, v AccuScan, Inc., et al., Appellants. [762 NYS2d 903] —In an action, inter alia, to recover damages for breach of contract, the defendants AccuScan, Inc., and Peter Heller appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 2, 2002, as denied their motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment against the defendant AccuScan, Inc., in the principal sum of $127,500, and (2) from a judgment of the same court dated April 9, 2002, which is in favor of the plaintiff and against the defendant AccuScan, Inc., in the principal sum of $127,500, and severed the action against the defendant Peter Heller.

Ordered that the appeal by the defendant AccuScan, Inc., from the order is dismissed; and it is further,

Ordered that the appeal by the defendant Peter Heller from so much of the judgment as is in favor of the plaintiff and against the defendant AccuScan, Inc., in the principal sum of $127,500, is dismissed, as he is not aggrieved by that provision of the judgment (*see* CPLR 5511); and it is further,

Ordered that the order and the judgment are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal by the defendant AccuScan, Inc., from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment against it in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal by AccuScan, Inc., from the order are brought up for review and have been considered on its appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 26, 1993, the plaintiff and the defendant, AccuScan, Inc. (hereinafter AccuScan), entered into an agreement which contained the following provision regarding the plaintiff's compensation for consulting services he provided to AccuScan: "3) * * * accuscan shall pay to [the plaintiff] Amnon Goldstein 10% of all amounts received in excess of $4,000,000, in

conjunction with settlements obtained or fees awarded regarding [certain] United States Patents * * * Through October 26, 1993, ACCUSCAN has received $1,765,000 in license fees or settlement payments relative to the above patents. ACCUSCAN shall advise ATC of any funds received on a quarterly basis. Payment to be made within thirty (30) days of receipt of such funds."

AccuScan asserts that the phrase "amounts, received" does not include amounts taken by its attorneys for their fees. The plaintiff contends that the phrase means the gross amount of the settlements or fees awarded to AccuScan. We agree with the Supreme Court that the plaintiff is entitled to 10% of the gross settlement without any deduction of fees taken by Accu-Scan's attorneys. Where, as here, "the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*AFBT-II, LLC v Country Vil. on Mooney Pond,* 305 AD2d 340 [2003] [internal quotation marks omitted]; *see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Del Vecchio v Cohen,* 288 AD2d 426 [2001]). AccuScan's contention that the plaintiff is only entitled to the net amount of the settlements received is not supported by the clear language of the contract or the parties' reasonable expectations. AccuScan's attorneys were authorized agents to receive the settlements and then to distribute the net funds to AccuScan. Accordingly, the "amounts received" were those amounts received by AccuScan's attorneys.

The defendants' remaining contentions are without merit. Feuerstein, J.P., Smith and Cozier, JJ., concur.

H. Miller, J., concurs in part and dissents in part, and votes to dismiss the appeal by the defendant AccuScan, Inc., from the order, dismiss the appeal by the defendant Peter Heller from so much of the judgment as is in favor of the plaintiff and against the defendant Accuscan, Inc., reverse the judgment insofar as reviewed, vacate so much of the order as granted that branch of the plaintiff's motion which was for summary judgment against the defendant AccuScan, Inc., and deny that branch of the plaintiff's cross motion which was for summary judgment against AccuScan, Inc., with the following memorandum, in which Townes, J., concurs: In my view, the Supreme Court erred in awarding the plaintiff summary judgment against the defendant AccuScan, Inc. Although the Supreme Court correctly observed that the contract did not mention the "netting out" of attorney's fees, the fact remains that the agree-

ment did not define the term "amounts received" at all. The term is ambiguous, and neither the plaintiff nor the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Besicorp Group v Enowitz,* 235 AD2d 761 [1997]; *Yanuck v Simon Paston & Sons Agency,* 209 AD2d 207 [1994]). "[W]here [the] interpretation of contract terms or provisions is susceptible to at least two reasonable interpretations, and intent must be gleaned from disputed evidence or from inferences outside the written words, it becomes an issue of fact that must be resolved by trial" (*Yanuck v Simon Paston & Sons Agency, supra* at 208; *see Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878 [1985]).