(December 15, 2003)

■ A.M. Construction Enterprises, LLC, Respondent, v Margaret J. Haugen et al., Appellants, et al., Defendant. (And a Third-Party Action.) [768 NYS2d 386]—

In an action, inter alia, for a judgment declaring that the plaintiff was in compliance with a contract bid award and for a permanent injunction enjoining the defendants from declaring the plaintiff in default of its contract bid award, the defendants Margaret Joan Haugen, Joyce Mangialino, Thomas Weinschenk, Joan Bruno, Joan Rizzo, individually and in their capacities as trustees of the West Babylon Public Library, and West Babylon Public Library appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered August 9, 2002, which granted that branch of the plaintiff's motion which was for leave to amend its complaint to add a cause of action to recover damages, in effect, for breach of contract and denied their cross motion for summary judgment in their favor on the complaint and, in effect, for summary judgment on their cross claim.

Ordered that the order is affirmed, with costs.

The defendants Margaret Joan Haugen, Joyce Mangialino, Thomas Weinschenk, Joan Bruno, Joan Rizzo, individually and

in their capacities as trustees of the West Babylon Public Library, and West Babylon Public Library (hereinafter collectively referred to as the Library) made out a prima facie case for summary judgment in their favor on the complaint and, in effect, for summary judgment on their cross claim. However, in opposition, the plaintiff raised numerous issues of fact regarding the interpretation of the bid contracts (*see Goldstein v AccuScan, Inc.*, 307 AD2d 913 [2003]; *Yanuck v Paston & Sons Agency*, 209 AD2d 207 [1994]). In addition, there are triable issues of fact as to whether the Library waived its requirement that the insurance company be licensed in the State of New York. Moreover, the plaintiff demonstrated its entitlement to disclosure that might reveal the existence of facts currently within the Library's exclusive control which warranted the denial of summary judgment (*see Giarguaro S.p.A. v Amko Intl. Trading*, 300 AD2d 349, 350 [2002]; *cf. Castrol, Inc. v Parm Trading Co. of N.Y.C.*, 228 AD2d 633, 634 [1996]).

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend its complaint, as there was no showing of prejudice and the proposed amendment is not patently meritless (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *Monello v Sottile, Megna*, 281 AD2d 463, 464 [2001]).

The Library's remaining contentions are without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.