■ Rachel Siony et al., Plaintiffs/Counterclaim Defendants-Appellants, v Rahim Siunykalimi, Also Known as Danny Siony, et al., Respondents. Shirin Siony, Counterclaim Defendant-Appellant. [989 NYS2d 878]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs/counterclaim defendants and the additional counterclaim defendant appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated November 26, 2013, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim, which alleged that they breached a fiduciary duty to the defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint or counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the opposing party the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2012]; *Cerciello v Admiral Ins. Brokerage Corp.*, 90 AD3d 967, 967 [2011]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Here, accepting all factual allegations as true and according the defendants the benefit of every possible favorable inference (*see* CPLR 3211; *Leon v Martinez*, 84 NY2d 83 [1994]), the defendants' second counterclaim sets forth in sufficient detail (*see* CPLR 3016 [b]) facts which, if proven, would show that the plaintiffs/counterclaim defendants and the counterclaim defendant owed a fiduciary duty to the defendants and breached this duty (*see Appleton Acquisition, LLC v National Hous. Partnership*, 10 NY3d 250, 258 [2008]; *Birnbaum v Birnbaum*, 73 NY2d 461 [1989]; *Chiu v Man Choi Chiu*, 71 AD3d 621, 623 [2010]; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416, 418 [2001]; *Friedman v Dalmazio*, 228 AD2d 549, 549-550 [1996]; *cf. Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47 [2013]). Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.