McKesson Medical-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc. (2018 NY Slip Op 06237)





McKesson Medical-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc.


2018 NY Slip Op 06237


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-01871
 (Index No. 703411/15)

[*1]McKesson Medical-Surgical Minnesota Supply, Inc., et al., appellants, 
v
Caremed Supplies, Inc., respondent.


Eric Streich, P.C. (DePaola Valdes LLP, New York, NY [Joseph DePaola], of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 19, 2017. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the defendant's first counterclaim.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
This action arises from a dispute between McKesson Medical-Surgical Minnesota Supply, Inc. (hereinafter McKesson), and Gulf South Medical Supply, Inc. (hereinafter Gulf) (hereinafter together the plaintiffs), and the defendant, Caremed Supplies, Inc., regarding the plaintiffs' sale of medical and surgical goods to the defendant. Specifically, the plaintiffs allege that in February 2011, the defendant entered into a written agreement with McKesson whereby McKesson would supply the defendant with medical and surgical goods at the request of the defendant, and the defendant would pay for the goods at the prices set forth in the invoices McKesson would send to the defendant. In 2013, the defendant allegedly entered into a similar agreement with Gulf. In August 2015, the plaintiffs commenced this action against the defendant alleging, inter alia, that the defendant breached its agreements with them by failing to meet its payment obligations. In its verified answer, the defendant, inter alia, admitted that the parties had a business relationship, but denied any binding agreement as alleged in the complaint. The defendant also interposed three counterclaims. The first counterclaim alleges that the parties had developed a course of dealing over a period of approximately four years and that the plaintiffs breached a "payment schedule" pursuant to which the defendant was able to purchase goods on credit. The second counterclaim alleges that the plaintiffs acted in bad faith, and the third counterclaim alleges bad faith and abuse of process.
In March 2016, the plaintiffs moved pursuant to CPLR 3211(a) to dismiss the counterclaims. The Supreme Court granted those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third counterclaims but, as relevant here, denied that branch of the motion which was pursuant to CPLR 3211(a)(5) and (7) to dismiss the first counterclaim. The plaintiffs appeal from so much of the order as denied that branch of their motion which was to dismiss the first counterclaim.
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal [*2]theory" (Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018; see Siony v Siunykalimi, 119 AD3d 927, 928; Mazzei v Kyriacou, 98 AD3d 1088, 1090). "The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893 [internal quotation marks omitted]). "In general, the existence of a contract can be proven even if there is not a writing signed by the party to be charged" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 605). " There is sufficient evidence that a contract has been made if . . . [t]here is a note, memorandum or other writing sufficient to indicate that a contract has been made, signed by the party against whom enforcement is sought'" (id. at 605, quoting General Obligations Law § 5-701[b][3][d]; see Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 119).
Here, accepting all factual allegations in the first counterclaim as true and according the defendant the benefit of every favorable inference, the first counterclaim sufficiently alleges that the plaintiffs breached their agreements with the defendant as embodied in the alleged payment schedule (see Siony v Siunykalimi, 119 AD3d 927). Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first counterclaim. Further, we agree with the court's denial of that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a)(5) to dismiss the first counterclaim as the allegations contained therein are sufficient to satisfy the statute of frauds (see Bazak Intl. Corp. v Mast Indus., 73 NY2d 113; Rosenfeld v Schreiber, 139 AD3d 609; A & L Plumbing & Heating Co. v Redfield Plumbing & Heating Co., 54 AD2d 952).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court