VICTOR BRANG, Respondent, *v.* MARGARET STACHNIK, Appellant.

First Department, June 10, 1932.

*Charles P. Hallock* of counsel [*Hallock & Hallock*, attorneys], for the appellant.

*Paul Miller* of counsel [*Gudwin & Miller*, attorneys], for the respondent.

O'MALLEY, J. Plaintiff sought rescission of a contract for the purchase of real estate and a recovery of the down payment. The action is predicated upon alleged material fraudulent representations by the defendant. The answer denied the misrepresentations alleged and sought a decree for specific performance.

Our conclusion is that judgment for the plaintiff was erroneously granted and that the defendant should recover upon her counterclaim. The false and fraudulent representations relied upon were not of a character to warrant rescission in the plaintiff's favor. The representation that the premises were worth upwards of $7,000 was an expression of opinion; the representation that certain roads leading to the premises would be filled in was promissory. So, too, was the representation that the defendant would secure for the plaintiff a building loan mortgage to enable the latter to commence the erection of a building on the premises. Moreover, with respect to this representation the evidence tended to show that the defendant made some effort to comply with her promise. There was no evidence indicating that the defendant misrepresented her intention to comply with the promises made so as to constitute a false statement of an existing material fact within the rule of *Adams* v. *Gillig* (199 N. Y. 314); *Ritzwoller* v. *Lurie* (225 id. 464); *Deyo* v. *Hudson* (Id. 602), and like authorities.

Nor is the evidence sufficient to warrant a finding that the defendant represented that a water main was nearby so that the plaintiff would have water available for his building operations.

The evidence fully warranted a finding that the defendant had duly performed all the conditions of the contract on her part to be performed and that she was ready, able and willing to convey a good, marketable title to the fee of the premises according to the agreement. She was, therefore, entitled to judgment upon her counterclaim.

It follows that the judgment should be reversed, with costs, and the complaint dismissed and judgment granted upon the counterclaim, with costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, the complaint dismissed and judgment directed upon the counterclaim, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.