■ RAY PESSIN, Respondent, v GUNANAND PERSAUD, Appellant. — Judgment of the Supreme Court, New York County (L. Kaplan, J.), entered July 21, 1981, granting plaintiff's cross motion for summary judgment in the amount of $22,459.21 and denying defendant's motion for summary judgment and further denying defendant's further motion to amend the answer to assert a counterclaim and to vacate previous judgments for the plaintiff in the Small Claims Court, unanimously modified, on the law, to deny the plaintiff's motion for summary judgment and otherwise affirmed, without costs. Although the parties have stipulated to the facts, we cannot dispose of the matter on the law because it is not clear what the parties intended. In connection with the purchase of realty, the defendant executed a bond and mortgage, which bond and mortgage were thereafter assigned to the plaintiff, the holder thereof. We are informed that the property is presently vacant after a fire. Payments were made on the bond and mortgage, reducing the amount due, with interest, to the amount of the judgment. The mortgage bond contained the following language: "It is further understood and agreed that the obligor herein will not be liable personally for any deficiency judgment that may be entered in any foreclosure proceeding." The property having little value, the action was commenced solely on the mortgage bond, and no attempt was made to foreclose. It is the contention of the defendant that the case of *Stern v Itkin Bros.* (87 Misc 2d 538, 540 [Fein, J.]) should control where a plenary action on the bond personally against the defendant had the additional language, " 'and mortgagees will look only to the mortgaged premises.' " The language before us is not that clear. We cannot say whether or not the plaintiff was required to bring a foreclosure proceeding, in which case there could not be any personal deficiency judgment or whether the plaintiff could proceed as has been done in this action. Concur — Kupferman, J. P., Sandler, Sullivan, Lynch and Kassal, JJ.