■ BRONXVILLE KNOLLS, INC., et al., Appellants, v WEBSTER TOWN CENTER PARTNERSHIP et al., Respondents. [634 NYS2d 62] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 1, 1994, dismissing plaintiff's complaint, with prejudice, and bringing up for review an order of the same court and Justice entered the same date, which granted defendant's motion pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs.

In order to prevail on a motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1), the documents relied upon must definitively dispose of plaintiff's claim (*Juliano v McEntee*, 150 AD2d 524, 525; *Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 477). The IAS Court, in dismissing the complaint based upon documentary evidence, properly determined that the explicit and unambiguous, broad nonrecourse clause of the integrated mortgage and mortgage note precluded the underlying action by the plaintiffs for a personal judgment as against the defendants on the mortgage note. Said clause clearly established the intention of the parties that the only recourse in connection with the underlying loan was the mortgaged property. The mortgage note expressly incorporates the mortgage and contains no separate or contradictory provision. The two instruments, which were negotiated and executed as part of an integrated agreement for the purchase of real property, should be read and considered together as part of the same transaction (*Stern v Itkin Bros.*, 87 Misc 2d 538 [Sup Ct, NY County, Fein, J.]).

Plaintiffs' reliance upon *Pessin v Persaud* (92 AD2d 490), is misplaced. There, unlike the case at bar, the mortgage did not contain any language expressly precluding a personal judgment, did not contain any language directing the mortgagee to look to the security of the mortgaged property in the event of a default, and did not contain any language similar to that herein, that "nothing contained herein or in any other instrument shall obligate the mortgagor further than to bind its right, title and interest in the mortgaged premises". Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.

■ BERNARD CERTILMAN et al., Appellants, et al., Plaintiff, v STUART BECKER et al., Respondents, et al., Defendants. [633 NYS2d 960] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 12, 1994, unanimously affirmed for the reasons stated by Lebedeff, J., without costs and disbursements. No opinion. Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.