Kearins v Gruberg, McKay & Stone (2004 NY Slip Op 50065(U))

[*1]

Kearins v Gruberg, McKay & Stone

2004 NY Slip Op 50065(U)

Decided on January 29, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 29, 2004

Supreme Court, Bronx County
 HELENA KEARINS, Plaintiff, - -
against
GRUBERG, McKAY & STONE, ESQS., DONALD G. McKAY and PAUL D. STONE, Defendants.
I ndex No. 17571/03

NELSON ROMAN, J.
In this legal malpractice proceeding, defendants' notice of motion dated July 14, 2003, for dismissal of the complaint based upon CPLR 3211(a)(1), 3211(a)(5), and 3211(a)(7) is denied.
On June 5, 1997, defendants were retained by plaintiff to represent her interests and to prosecute a matrimonial action seeking a divorce and other additional ancillary relief, including but not limited to, equitable distribution of the marital property, spousal maintenance and protection of medical benefits. The matrimonial action was settled pursuant to a stipulation of settlement on May 8, 1998, and incorporated into a judgment of divorce on May 19, 1998. Under the terms of the stipulation of settlement, Mr. Kearins agreed to, inter alia, convey title to the marital residence to plaintiff free of any lien, liability or encumbrance. According to the complaint in the instant malpractice action, "[n]otwithstanding the open existing exceptions to marketable title to the [marital premises]," defendants, on or about May 29, 1998, by written letter to attorney for Mr. Kearins, caused the deed to the marital residence to be released for recording, resulting in a transfer of unmarketable title to plaintiff. Defendants allege that Mr. Paul Stone advised Ms. Kearins to accept the deed despite the unpaid taxes and charges, because Ms. Kearins would thereby obtain immediate, sole title to a valuable asset, and Ms. Kearins agreed to accept title and satisfy those liens at a later date. According to Ms. Kearins, Mr. Stone never raised this issue and she never agreed or consented to same.
Pursuant to a second retainer agreement dated October 25, 1999, defendants moved by order to show cause dated November 24, 1999, to seek relief due to Mr. Kearins' failure to, inter alia, transfer the marital residence free of any liens or liabilities, pay medical expenses and provide weekly maintenance. The motion resulted in an order dated May 18, 2000, in which Mr. Kearins was required to, inter alia, pay plaintiff $4,575 for real estate taxes and water charges for the marital residence; it also provided for a security judgment in the amount of $89,710. Plaintiff alleges that in securing the order dated May 18, 2000, Mr. Stone utilized antiquated figures from July 1997 through May 1998, and did not make any provision to update the figures through May 2000, all of which ultimately resulted in a foreclosure proceeding against Ms. Kearins. The [*2]complaint in the instant malpractice action also alleges, inter alia, that defendants failed to obtain adequate security to assure performance by Mr. Kearins. According to defendants, lawyers who represent parties in domestic relations matters are not guarantors that recalcitrant spouses will comply with court orders, and the continued existence of any lien on the marital premises is solely the result of plaintiff failing to use the money awarded her in the order dated May 18, 2000, to pay off the liens.
Defendants' now seek dismissal of plaintiff's malpractice complaint based upon CPLR 3211(a)(1), 3211(a)(5), and 3211(a)(7). CPLR 3211(a)(1) allows a party to move for judgment dismissing one or more causes of action on the ground that a defense is founded upon documentary evidence alone. As the documents relied upon must definitely dispose of plaintiff's claim (Bronxville v. Webster, 221 A.D.2d 248, 634 N.Y.S.2d 62 [1st Dept. 1995]), affidavits and depositions cannot be the basis for this motion (Siegel, N.Y. Pract. § 259, at 420 [3rd ed.]). For example, in Bronxville v. Webster (221 A.D.2d 248, supra), where an integrated mortgage and mortgage note provided that the only recourse in case of a default on the underlying loan was for the mortgagee to look to the security of the mortgaged property, the mortgagee was precluded from seeking a personal judgment. In the instant action, defendants argue that the complaint fails to satisfy a single element of malpractice because the documents (retainer agreements, court transcript, judgments, orders, stipulations and Ms. Kearins' check to Mr. Stone in payment for his services) show that defendants successfully obtained the required judgment of divorce under the first retainer and money to satisfy Mr. Kearins' obligations under the second retainer. As the complaint in the instant malpractice action alleges, inter alia, that defendants failed to obtain marketable title, and adequate security to assure performance by Mr. Kearins, and that Mr. Stone released the deed without Ms. Kearins' consent nine days after the stipulation of settlement and judgment of divorce clearly provided for marketable title, then it cannot be said that these documents definitely dispose of plaintiff's claim. Therefore, dismissal under CPLR 3211(a)(1) is denied.
In order to succeed on a CPLR 3211(a)(7) motion, defendants must convince this court that nothing the plaintiff can reasonably be expected to prove would help; that the plaintiff just does not have a claim. (Siegel, N.Y. Pract. § 265, at 425 [3rd ed.].) It should be noted, however, that for purposes of a CPLR 3211(a)(7) motion, the allegations of the pleadings are deemed to be true and the pleader is entitled to every favorable inference that might be drawn. (Westhill v. Pope, 12 N.Y.2d 491, 240 N.Y.S.2d 961 [1963].) To prevail in a legal malpractice action, a plaintiff must show that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, and that the attorney's breach of this professional duty caused the plaintiff's actual damages. (Prudential v. Dewey, Ballantine, 170 A.D.2d 108, 573 N.Y.S.2d 981 [1st Dept. 1991], affd. 80 N.Y.2d 377, 590 N.Y.S.2d 831 [1992], rearg. denied 81 N.Y.2d 955, 597 N.Y.S.2d 940 [1993].) As settlement of the underlying matrimonial action does not automatically preclude the maintenance of the instant malpractice action (Wolstencroft v. Sassower, 124 A.D.2d 582, 507 N.Y.S.2d 728 [2nd Dept. 1986]), where the complaint alleges that plaintiff did not receive marketable title as called for in the stipulation of settlement and that Mr. Stone released the deed without Ms. Kearins' consent nine days after the judgment of divorce, it cannot be said that plaintiff failed to state a cause of action. Therefore, dismissal under CPLR 3211(a)(7) is denied.
[*3]
The defendants also argue that under CPLR 3211(a)(5), plaintiff's malpractice claim, which also seeks recovery for negligence and breach of contract, is untimely and should be dismissed. Pursuant to CPLR 214(6), an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, must be commenced within three years regardless of whether the underlying theory is based in contract or tort. Legal malpractice claims accrue when the malpractice is committed (Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 [2001]), however, the continuous representation doctrine tolls the running of the statute of limitations until the continuous representation is completed. (Id.) For the continuous representation doctrine to apply, there must be clear indicia of an ongoing, continuous relationship between the client and attorney, which often includes an attempt by the attorney to rectify an alleged act of malpractice. (Pellati v. Lite, 290 A.D.2d 544, 736 N.Y.S.2d 419 [2nd Dept. 2002].) The instant malpractice proceeding was commenced on May 23, 2003. It appears as though the alleged malpractice accrued on May 29, 1998, the day Mr. Stone released the deed, and was tolled either through the May 18, 2000-entry of judgment,[FN1] or the September 21, 2000-letter from Mr. Stone to Joseph G. Scali (Mr. Kearins' attorney), in which he warned that he would execute on the judgment. Clearly, the May 18, 2000 date would require dismissal of the instant malpractice action. However, given the discrepancy in the final date of representation, defendants' CPLR 3211(a)(5) motion is denied.
Plaintiff is directed to serve a copy of this decision and order with notice of entry upon all parties via certified mail, within 21 days hereof.
This constitutes the decision and order of the court.
NELSON ROMAN, J.S.C.
Decision Date: January 29, 2004
Footnotes

Footnote 1: According to defendants, even if the entry of judgment on May 18, 2000 were deemed the date of completed representation, plaintiff's May 23, 2003 filing is still time barred.