■ BARBARA J. ADAMS, Respondent, v FOUNTAINS SENIOR PROPERTIES OF NEW YORK, INC., Appellant. [834 NYS2d 208]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), entered April 19, 2006, which, upon an order of the same court dated March 29, 2006 granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $214,200.

Ordered that the judgment is modified, on the law, by adding thereto a provision prohibiting enforcement of the judgment against any asset of the defendant exclusive of pooled funds in accordance with the terms and conditions of the 1990 payment agreement and pursuant to paragraph 4 (C) of the defendant's second amendment to the restated offering plan and further limiting the plaintiff's enforcement, in the alternative, to the plaintiff's right of reacquisition of the real estate as set forth in the 1990 payment agreement; as so modified, the judgment is affirmed, without costs or disbursements.

In this action to recover damages for breach of contract, the plaintiff, the executor of her mother's estate, seeks to recover from the defendant the sum of $214,200, which was the entrance fee paid by the plaintiff's mother and father into a retirement community owned by the defendant's predecessor. The Supreme Court properly determined that, in response to the plaintiff's prima facie establishment of her entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact in connection with its allegation that a 1990 payment agreement (hereinafter the payment agreement) and a 1990 residency agreement (hereinafter the residency agreement) were modified by the subsequent acts of the governing body of the retirement community. The record establishes that the plaintiff's mother Charlotte Johnston did not agree to amend or modify the payment agreement to reduce her entitlement under that agreement from $214,200 to $149,940. The defendant, the present owner of the retirement community, failed to demonstrate that the resident's association had any authority to amend or modify the termination payment agreement with the retirement community sponsors. Johnston refused to execute the proposed amendment to the payment agreement and the resident's association was without authority to amend or modify an agreement to which it was not a party.

The payment agreement and the residency agreement each included a nonrecourse clause, which provided that in the event of a default, Johnston's sole remedy was the right of reacquisition of the real estate, and that Johnston was precluded from pursuing a judgment of personal liability against the defendant or the defendant's assets. Additionally, pursuant to the payment agreement, the termination payment to Johnston was to be made only when and to the extent that certain pooled funds held by the defendant were available. Those provisions clearly and unequivocally precluded any recovery against the assets of the defendant exclusive of the pooled funds (*see Gupta Realty Corp. v Gross,* 251 AD2d 544, 545 [1998]; *Bronxville Knolls v Webster Town Ctr. Partnership,* 221 AD2d 248 [1995]).

Therefore, the Supreme Court erred in awarding judgment to the plaintiff without limiting the enforcement of the judgment to pooled funds, if any, maintained in escrow by the defendant for the payment of the termination payment of $214,200 due and owing to Johnston in accordance with the payment agreement and section 4 (C) of the second amendment to the restated offering plan. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.