# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1053**
**CA 14-01874**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

WELLS FARGO BANK, N.A., PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

DONALD ALESSI AND ROSEMARY A. ALESSI,
DEFENDANTS-APPELLANTS.

---

SARGENT & COLLINS, WILLIAMSVILLE (RICHARD G. COLLINS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HOGAN LOVELLS US LLP, NEW YORK CITY (GABRIELLE B. RUDA OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered March 29, 2014. The order granted the motion of plaintiff for summary judgment, dismissed the counterclaims of defendants and granted plaintiff judgment in the amount of $210,162.57.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to collect the outstanding principal and interest due under a home equity line of credit agreement executed by defendants as part of a transaction for the purchase of improved real estate in Florida. Although the transaction included a security instrument in the form of a mortgage lien, plaintiff elected to proceed at law with this action on the debt following defendants' default in payment (*see generally* RPAPL 1301; *Wyoming County Bank & Trust Co. v Kiley*, 75 AD2d 477, 480). Plaintiff thereafter moved for summary judgment on the amended complaint and sought dismissal of the counterclaims, and defendants opposed the motion and cross-moved for summary judgment on their counterclaims. The parties conceded that no questions of fact exist and sought judicial resolution on the basis of their submissions on the motion and cross motion (*see G. B. Kent & Sons v Helena Rubinstein, Inc*., 47 NY2d 561, 565; *Admiral Ins. Co. v Marriott Intl., Inc*., 79 AD3d 572, 577, *lv denied* 17 NY3d 708). Supreme Court granted plaintiff's motion, directing that judgment be entered against defendants in the sum of $210,162.57 and dismissing defendants' counterclaims. We affirm.

Plaintiff met its initial burden by submitting the note and evidence that defendants failed to make payments required by its terms

(*see Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, 791-792, *affd* 67 NY2d 627; *Harvey v Agle*, 115 AD3d 1200, 1200). "It was then incumbent on the defendants to come forward with proof of evidentiary facts showing the existence of a triable issue of fact with respect to a bona fide defense" (*Gallagher v Kazmierczuk*, 245 AD2d 418, 418).  We reject defendants' contention that the home equity line of credit agreement, read alone or in conjunction with the mortgage, is a "nonrecourse" loan and that plaintiff's remedy is limited thereby to an action to foreclose the mortgage.  There is no language in the agreement or the mortgage that establishes that it was the intention of the parties that plaintiff's "only recourse in connection with the underlying loan was the mortgaged property" (*Bronxville Knolls v Webster Town Ctr. Partnership*, 221 AD2d 248, 248; *cf. Adams v Fountains Senior Props. of N.Y., Inc.*, 38 AD3d 804, 805).

Contrary to defendants' further contention, we conclude that the real estate appraisal plaintiff obtained as part of its own loan underwriting protocol cannot provide a basis for defendants' affirmative defense that they detrimentally relied upon a fraudulently inflated appraisal in executing the loan and mortgage documents (*see Newman v Wells Fargo Bank, N.A.*, 85 AD3d 435, 435).  It is well settled that appraisals are generally not actionable under a theory of fraud or fraudulent inducement because such representations of value are matters of opinion upon which there can be no basis for detrimental reliance (*see Brang v Stachnik*, 235 App Div 591, 592, *affd* 261 NY 614; *Ellis v Andrews*, 56 NY 83, 85-87; *Stuart v Tomasino*, 148 AD2d 370, 371; *see also Newman*, 85 AD3d at 435).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court